Delfa **PARRETT** and Clifford Parrett, Plaintiffs,

v.

**FORD MOTOR COMPANY**, Defendant.

Civ. A. No. 16957–3.

United States District Court, W. D. Missouri, W. D.

March 28, 1969.

See also D.C., 47 F.R.D. 22.

Duke W. Ponick, Jr., Foust, Moudy & Jackson, Kansas City, Mo., for plaintiffs.

Don B. Roberson, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendant.

## ORDER IMPOSING SANCTIONS ON DEFENDANT

WILLIAM H. BECKER, Chief Judge.

Pursuant to the rulings of the pretrial conference held herein on March 3, 1969, lawful sanctions should be imposed upon defendant under Rule 37(a), F.R.Civ.P., for its failure to obey the Federal Rules of Civil Procedure and the order of this Court entered herein on January 15, 1969, compelling further answers to interrogatories. It is hereby found that the failures to comply with this order were without substantial justification. Such failures have caused unnecessary and unreasonable expense to plaintiffs and the unnecessary and unreasonable investment of time by plaintiffs' counsel. Defendant should be required to pay the reasonable value of such expenses and investment of time, which is determined by this Court to be the sum of five hundred dollars. The parties have waived a hearing on the reasonable value of the said expenses and time. The facts are as follows:

With the time for completion of discovery becoming short, a motion by plaintiffs for the production of documents and a motion by plaintiffs to compel discovery and objections by the defendant to two interrogatories were filed. On January 15, 1969, an order was entered overruling defendant's objections to interrogatories 27 and 28 and ordering further answers to interrogatories 5(d), 10, 20, 21, 30, 31 and 32. The order of January 15, 1969, required obedience within 10 days' time and notified defendant that, unless defendant obeyed, "lawful sanctions" would be considered by the Court. Thereafter, on January 16, 1969, the Court, noting that the parties had requested an extension of ninety days for the completion of discovery, ordered the time extended for a much lesser period

of time to March 28, 1969. Plaintiff propounded six supplemental interrogatories to defendant, which were served upon defendant and filed January 22, 1969. Defendant, meanwhile, was orally seeking from the law clerk to have the time extended in which defendant would be allowed to give the answers to interrogatories as ordered on January 15. This oral request did not comply with the Federal Rules of Civil Procedure or the local rules of this Court and had no effect to suspend the obligation to make discovery. A proposed draft of an agreed order extending for ten days the time to comply with the order of January 15, 1969, was delivered to the chambers of the undersigned, who was absent on account of illness. Despite lack of approval, this order will be treated as having been entered on January 24, 1969, because of the absence of the undersigned. On January 24, 1969, the Court entered an order for a pretrial conference to be held on January 28, 1969. However, this Court was informed by the Honorable Harry Hall, Judge of the Circuit Court of Jackson County, that counsel for defendant had been previously scheduled to be in trial in a Division of the Circuit Court on January 28. On that information, the pretrial conference set for January 28, 1969, was cancelled. Thereafter, on February 3, 1969, defendant objected to plaintiffs' supplemental interrogatories 5 and 6, and on February 5, 1969, moved to add the Allstate Insurance Company as an additional indispensable party plaintiff. On February 7, 1969, plaintiffs propounded 3 additional interrogatories to defendant. On February 10, 1969, plaintiffs served and filed their answers to the supplemental interrogatories of defendant which had been filed on November 25, 1968. On February 17, defendant answered plaintiffs' supplemental interrogatories filed herein on January 22, 1969, and also undertook without leave of court to amend its previously filed answers to interrogatories

**122**

14 and 15, and filed, without leave of court, the answers and further answers ordered by the Court on January 15, 1969, and on January 24, 1969, to be answered on or before February 11, 1969. Although filed out of time without leave of court, however, these answers to interrogatories 14 and 15 had been served on plaintiffs on February 4, 1969. This service, without filing, amounted to substantial compliance, with respect to timeliness only, with the orders of January 15, 1969, and January 24, 1969. On February 12, 1969, plaintiff moved to compel answers to interrogatories 5(d), 14, 15, and 21, for the second time. Interrogatories 14 and 15 were those in respect to which defendant undertook to change its answers without leave. Also on February 12, 1969, plaintiffs moved for production of certain documents and photographs by defendant. On February 24, 1969, plaintiffs filed an affidavit in support of the motion for production of documents, and no counter-affidavit was filed.

At the pretrial conference held herein on March 3, 1969, defendant's answers to interrogatories 5(d), 20, 21, 14, 15, 31, and 32 were ordered stricken and leave was denied defendant to file them. Answers to interrogatories 14 and 15, as above noted, had been amended without leave of court. Further, the answer to interrogatory 14, as amended, indicated that the original answer thereto was false. Further, defendant's answers to interrogatories were found to be either false or evasive and obstructive of the discovery rules, or both, and therefore in violation of the local rules of Court and the Federal Rules of Civil Procedure. The Court then announced that appropriate sanctions would be determined and ordered to be imposed against defendant at a later date. The Court further found that never before had the firm representing the defendant or any member thereof failed fully and promptly to perform its duties to make discovery in this division of this Court. It is therefore

Ordered in accordance with Rule 37(a) of the Federal Rules of Civil Procedure, that sanctions in the form of attorneys' fees and expenses be, and they are hereby, imposed against defendant. It is further

Ordered that, for the unjustified violation of the Local Rules and the Federal Rules of Civil Procedure, the plaintiffs have and recover their attorneys' fees and expenses from defendant in the sum of $500, with interest from this date, and that defendant pay said sum to plaintiffs and their counsel on or before April 14, 1969, and file the receipt therefor in this case on or before April 19, 1969, in default of which further sanctions will be imposed.